UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-003-2-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| THOMAS SOBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 67 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Soble's guilty plea and adjudge him guilty of Count 2 of the Indictment (DE 1). *See* DE 68 (Recommendation); *see also* DE 65 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 68 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 68, **ACCEPTS** Soble's guilty plea, and **ADJUDGES** him guilty of Count 2 of the Indictment (DE 1);

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 65 ¶ 9), the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 4) is forfeitable and that Soble has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 9th day of September, 2025.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Soble to custody. *See* DE 67. This was Soble's status post-revocation. *See* DE 56. Subject to intervening orders, Soble shall remain in custody pending sentencing.